**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 30 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
————————————————

JEFFREY S. COLLIER,

    Plaintiff-Appellant,

v.

WILLIAM DRAGOO, Correctional Officer - CSI,
El Dorado Correctional Facility; (NFN)
CHANDLER, Correctional Officer - CSIII, El
Dorado Correctional Facility; MICHAEL A.
NELSON, Warden, El Dorado Correctional Facility,

    Defendants-Appellees.

No. 98-3080
(D. Kan.)
(D.Ct. No. 97-CV-3419)

————————————————

**ORDER AND JUDGMENT**[*]
————————————————

Before **SEYMOUR, BRORBY,** and **BRISCOE**, Circuit Judges.

————————————————

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Mr. Jeffrey Collier is a prisoner in the El Dorado Correctional Facility in El Dorado, Kansas. One day at lunch, he did not receive the full portion of meat to which he believed he was entitled (one hot dog rather than two). Feeling wronged, he threw a temper tantrum by kicking and screaming, which put him into a pickle with the prison authorities. Whining over his wiener failed to secure Mr. Collier a second hot dog, but it did get him ten days in disciplinary segregation and a ten-dollar fine. Red hot, Mr. Collier filed a civil rights complaint in the district court, pursuant to 42 U.S.C. § 1983.

Mr. Collier's complaint stated three claims. The district court quickly dismissed two of the claims – alleged violations of his constitutional right to be free from cruel and unusual punishment and double jeopardy. Sandwiched between these two meritless claims, however, was a claim for denial of procedural due process, which the district court did not dismiss outright. Suspecting Mr. Collier could not go forward with his procedural due process claim because of *Heck v. Humphrey*, 512 U.S. 477 (1994), the district court afforded him an opportunity to show why the claim should not be dismissed. Mr. Collier was unable to make such a showing, and the district court dismissed the claim for being premature.

Mr. Collier appeals the district court's decisions to this court. While this court does not relish the idea of prisoners going hungry, Mr. Collier's first and third claims do not have any legal merit for the reasons provided by the district court in its two orders: the withholding of one hot dog is not "sufficiently serious" to rise to the level of an Eighth Amendment violation, *see Farmer v. Brennan*, 511 U.S. 825, 834 (1994); and the denial of one hot dog is not punishment for Double Jeopardy purposes.

Mr. Collier raises a Supreme Court case, *Edwards v. Balisok*, 520 U.S. 641, 117 S. Ct. 1584 (1997), which he argues supports the viability of his procedural due process claim. He is correct. In his complaint, Mr. Collier requested money damages and prospective injunctive relief because he was denied counsel and an opportunity to cross-examine witnesses during his disciplinary hearing. These claims do not necessarily imply the invalidity of the result of his disciplinary hearing, and as such are valid under § 1983. *Id.* at 1587-89. A prisoner is entitled to recover at least nominal damages under § 1983 if he can prove a denial of due process in a prison disciplinary proceeding that would not necessarily invalidate the result of the proceeding. *Id.* at 1587 (citing *Carey v. Piphus*, 435 U.S. 247, 266-67 (1978)). Because Mr. Collier's claim has nothing to do with the duration of his stay in prison, the *Heck* procedural bar does not apply. For this

reason, we remand Mr. Collier's second claim to the district court for further consideration. We express no opinion on the merits of this claim.

For the foregoing reasons, the district court is **REVERSED** in part, and **AFFIRMED** in part.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge